| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>District of New Jersey<br><br>Albert Russo<br>Standing Chapter 13 Trustee<br>Po Box 4853<br>Trenton, NJ  08650-4853<br>(609) 587-6888 | Order Filed on October 15, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>   Colleen P. DeStephan<br>   Joseph A. DeStephan<br><br><br>Debtor(s) | Case No.: 25-17723 / MBK<br><br>Hearing Date:  10/08/2025<br><br>Judge: Michael B. Kaplan<br><br>Chapter: 13 |

# ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: October 15, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 08/05/2025, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 60 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$1,950.00 PAID TO DATE

$749.00 for 57 months beginning 11/1/2025

**ORDERED** that the case is confirmed with a calculated plan funding of $44,643.00, which includes a minimum $28,717.00 dividend to general unsecured creditors due to non-exempt equity in property.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that the Pre-Confirmation Certification of Compliance must be filed by 10/17/25.

**ORDERED** that the debtor(s) must obtain a loan modification by 2/1/26 or as extended by Loss Mitigation Order.

- Creditor WELLS FARGO BANK, NA, PACER claim #12-1, will be paid outside of the Chapter 13 Plan.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **<u>and</u>** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

M&T Bank, proof of claim #3-1 shall be treated per the plan provision as current/outside and will not receive distribution on the secured or unsecured portions of proof of claim.

Any dismissal of this case shall trigger a 180 day bar to re-filing as this is the debtor's third filing 3 years

United States Bankruptcy Court

District of New Jersey

In re:  
Colleen P. DeStephan  
Joseph A. DeStephan  
    Debtors

Case No. 25-17723-MBK  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin      Page 1 of 2  
Date Rcvd: Oct 15, 2025      Form ID: pdf903      Total Noticed: 1

The following symbols are used throughout this certificate:  
**Symbol**      **Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 17, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Colleen P. DeStephan, Joseph A. DeStephan, 31 Astor Ct., Sayreville, NJ 08872-2105 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 17, 2025      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 15, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Albert Russo | docs@russotrustee.com |
| Denise E. Carlon | on behalf of Creditor Wells Fargo Bank  N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD2 dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Jonathan Goldsmith Cohen | on behalf of Debtor Colleen P. DeStephan imclawgroupecf@gmail.com;g.jr77824@notify.bestcase.com |
| Jonathan Goldsmith Cohen | on behalf of Joint Debtor Joseph A. DeStephan imclawgroupecf@gmail.com;g.jr77824@notify.bestcase.com |
| Matthew K. Fissel | on behalf of Creditor Wells Fargo Bank  N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD2 bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com |

District/off: 0312-3 User: admin Page 2 of 2
Date Rcvd: Oct 15, 2025 Form ID: pdf903 Total Noticed: 1

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 6